**INDUSTRIAL LIFE INSURANCE COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 72–1693.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1973.

Decided July 3, 1973.

Harry S. Dent and Henry H. Taylor (Whaley, McCutchen, Blanton & Dent, Columbia, S. C., on brief), for appellant.

Scott P. Crampton, Asst. Atty. Gen. (Meyer Rothwacks, Thomas L. Stapleton and Janet R. Spragens, Attys., Tax Div., U. S. Dept. of Justice, John K. Grisso, U. S. Atty., and Charles W. Gambrell, Asst. U. S. Atty., on brief), for appellee.

Before WINTER, BUTZNER and FIELD, Circuit Judges.

PER CURIAM.

We see no error in the district court's dismissal of taxpayer's suit for a refund of taxes.

The district court, 344 F.Supp. 870, correctly determined, as a matter of fact, that taxpayer was not a "life insurance company" within the meaning

of 26 U.S.C. § 801(a), because it was not an "insurance company" within the meaning of Treasury Regulation 1.801–3(a). We think the regulation valid and simply a restatement of existing law. Bowers v. Lawyers Mortgage Co., 285 U.S. 182, 52 S.Ct. 350, 76 L.Ed. 690 (1932). The regulation does not conflict with the McCarran Act, 15 U.S.C. § 1011 et seq., because the power of the federal government to tax was not delegated to the states. The district court's determination that taxpayer failed to show a "specific, definite and feasible plan" to justify its accumulation of earnings was not clearly erroneous. Inland Terminals v. United States, 477 F.2d 836 (4 Cir., April 6, 1973).* Finally, the district court's determination that taxpayer was selling land in the ordinary course of business so as to subject profits therefrom to taxation as ordinary income was not clearly erroneous.

Affirmed.

---

* Both in oral argument and in post-argument documentation, taxpayer asserts that certain statutory changes upgrading the capital and surplus requirements of insurance companies like taxpayer were contemplated in the tax years in question and were subsequently enacted in part.

The major changes did not become effective until after the tax years in question and, in any event, the record fails to show that earnings were accumulated as part of a plan to meet threatened pending legislation.